```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                        Case No.: 8:17-cr-408-VMC-TBM

MIGUEL VALDEZ TORRES

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Miguel Valdez Torres's pro se construed Motion for Compassionate Release (Doc. # 114), filed on February 26, 2021. The United States of America responded on April 12, 2021. (Doc. # 119). For the reasons set forth below, the construed Motion is denied.

**I.   Background**

In January 2018, the Court sentenced Torres to 120 months' imprisonment for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (Doc. # 103 at 1-2). Torres is 56 years old and his projected release date from Big Spring Correctional Institution is March 25, 2026. (Doc. # 119 at 1).

In the Motion, written in Spanish, Torres seeks compassionate release from prison, presumably under Section

1

3582(c)(1)(A)(i), as amended by the First Step Act, because of his medical conditions, which include painful chronic intestinal and stomach issues. (Doc. # 114 at 1-2). The United States has responded (Doc. # 119), and the Motion is now ripe for review.

## II.  Discussion

The United States argues that the construed Motion should be denied because Torres "has not demonstrated 'extraordinary and compelling reasons' warranting release." (Doc. # 119 at 5). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). The Court construes Torres's Motion as arguing that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States appears to concede that Torres exhausted his administrative remedies. See (Doc. # 119 at 5 ("As more than 30 days from the BOP's receipt of defendant's original application passed before he filed the instant motion, this Court may consider the merits of defendant's request.")). Even assuming that Torres has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children.

3

USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Torres bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Torres cites to his gastro-intestinal issues in arguing for release, which include chronic stomach and intestinal pain that prevent him from properly eating. (Doc. # 114 at 1-2). However, Torres does not provide his medical records, nor does he otherwise substantiate these diagnoses. (Id.). Indeed, the Court is uncertain exactly what condition Torres alleges he suffers from. Therefore, Torres has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG § 1B1.13, comment. (n.1); see also United States v. Benitez, No. 8:01-cr-283-CEH-AEP, 2021 WL 424346, at *3 (M.D. Fla. Feb. 8, 2021) ("The

Court finds that sufficient medical documentation is needed in this case to meet the requirements of Heromin, and that the severity of the conditions cannot be determined without supporting documentation. . . . Defendant provides no medical records in support of his claim. Nor does he claim he is unable to care for himself in the prison environment." (citation omitted)); Cannon v. United States, No. 11-048-CG-M, 2019 WL 5580233, at *1, 4 (S.D. Ala. Oct. 29, 2019) (denying a motion for compassionate release for a 71-year-old prisoner who suffered from "severe and chronic pain in his . . . stomach area," among other medical conditions); United States v. Barberee, No. 8:09-cr-266-VMC-AEP, 2021 WL 616049, at *2 (M.D. Fla. Feb. 17, 2021) ("Barberee's medical conditions, including hypertension, gastrointestinal issues, and hearing problems, do not merit compassionate release because Barberee has not established that these conditions 'substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility.'" (citation omitted)).

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. As the United States explains,

5

"[t]he nature and circumstances of this case involved smuggling 749 kilograms of cocaine into the United States jurisdiction and attempting to discard 14 bales when approached by law enforcement agents." (Doc. # 119 at 8). Torres "still has 5 years [of] incarceration remaining" and the Court finds that the need for deterrence weighs against release at this time. (Id. at 8).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Miguel Valdez Torres's pro se construed Motion for Compassionate Release (Doc. # 114) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of June, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE